(86 Misc. Rep. 36)

### OWCHAROFFSKY v. TRUSTEES OF WELSH CALVINISTIC METHODIST CHURCH.

(Supreme Court, Appellate Term, First Department.   June 18, 1914.)

1. BROKERS (§ 55*)—COMMISSIONS—WHEN EARNED.

Where a broker, employed to procure a purchaser, brought the property to the attention of a third person, and the owner's representative agreed to conduct negotiations with the third person, but nothing further was done, and several months later another broker concluded, pursuant to a new transaction, a sale to the third person for a less sum, the broker was not entitled to commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 82–84; Dec. Dig. § 55.*]

2. BROKERS (§ 85*)—COMMISSIONS—ACTIONS—EVIDENCE.

In an action by a broker for commissions for procuring a purchaser, evidence of defendant that he paid another broker, consummating a sale for a less price, *held* improperly excluded, on the issue whether plaintiff was the procuring cause of the sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. § 85.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Wassily I. Owcharoffsky against the Trustees of the Welsh Calvinistic Methodist Church. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

White & Case, of New York City (Graham Foster, of New York City, of counsel), for appellants.

Elias Rosenthal, of New York City, for respondent.

BIJUR, J.   [1] Plaintiff sues for a commission for effecting the sale of defendants' church property to another church organization. There is no doubt that plaintiff brought to the attention of the purchaser the property in question, though there is some doubt whether, under the circumstances, it may be held that he was employed by the defendants or their representative. After he had shown the church to a committee of the institution which subsequently purchased the property, plaintiff had an interview with one of defendants' representatives. At that time defendants had reduced the price from $70,000 to $65,000. Plaintiff said that his people had only $3,000 in cash, but would try to get a necessary loan. Plaintiff also testified that he informed defendants' representative that he had to go away to the country for some time. This was on or about April 15, 1913. He testified, further, that defendants' representative then said:

"All right. I want to see the people Wednesday morning. They will sell the church, and everything will be all right. You show to me the people. Leave that thing to me, and I will settle. * * * For your work you will have your pay as soon as the people have finished the business. Leave it to me, and I will see to it."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Had the negotiations continued and been successfully concluded as a result of or in furtherance of this interview, plaintiff might seriously claim that he had performed all that was required of him, and that he was the procuring cause of the sale, so far, at least, as that further services from him had been expressly excused by defendants; but the record shows that nothing further transpired, that at the end of May defendants advertised the church for sale extensively, that thereupon, several months later, another broker brought the parties together, and the sale was consummated for $61,000.

[2] Defendants' testimony to the effect that they paid this other broker the commission was improperly excluded, but that point is not now determinative. Under the circumstances, it seems to me plain that plaintiff cannot recover as broker, because he did not show that he was the procuring cause of the transaction. At the time when the alleged conversation with defendants' representative took place, the negotiations were in a very embryonic state. The statement alleged by him to have been made by defendants' representative might have excused plaintiff's further attention to the negotiations, provided the negotiations had continued and been brought to a successful conclusion, even though the terms had been somewhat modified. They were not so continued, but completely interrupted and broken off, and the sale ultimately concluded was a new transaction. See Parkhurst v. Tryon, 134 App. Div. 843, 119 N. Y. Supp. 184, Sampson v. Ottinger, 93 App. Div. 226, 87 N. Y. Supp. 796, and Mutchnik v. Davis, 130 App. Div. 417, 114 N. Y. Supp. 997.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.